**WALSH, Vivienne V., Appellant,**

v.

**SCHERING–PLOUGH CORP., Appellee.**

**No. 84–5415.**

United States Court of Appeals, Third Circuit.

Argued June 11, 1985.

Decided June 25, 1985.

Arthur N. Martin, Jr. (argued), Arthur N. Martin, Jr., P.C., Newark, N.J., for appellant.

Richard C. Mariani (argued), Apruzzese & McDermott, Springfield, N.J., for appellee.

Before WEIS, GARTH and STAPLETON, Circuit Judges.

### OPINION OF THE COURT
PER CURIAM.

This matter arises from a Title VII employment discrimination action which Vivienne Walsh brought against her former employer, Schering-Plough Corporation.

We have been asked to decide two questions: 1) whether the district court abused its discretion in dismissing Walsh's complaint with prejudice due to Walsh's and her counsel's repeated failures to comply with court-ordered discovery; and 2) whether misrepresentations were made by Walsh's attorney to this court and his adversary in moving to file Walsh's appellate brief and appendix out of time. The first question represents the merits of Walsh's appeal; the second is a collateral issue which has been referred to this merits panel by a motions panel of our court.[1]

The history of this case has already been detailed in *Walsh v. Schering-Plough Corp.*, 758 F.2d 889 (3d Cir.1985), wherein Judge Garth dissented from the order referring the collateral issue of alleged misrepresentations to the merits panel. We need not repeat that history here. A brief review of the pertinent events is sufficient.

On March 22, 1984, the district court dismissed Walsh's complaint with prejudice because Walsh and her counsel had failed to comply with a revised discovery schedule set by that court. Walsh then moved to vacate the order of dismissal. After a hearing, the district court refused to vacate its order and a timely notice of appeal was filed by Walsh.

During the pendency of the appeal and prior to our hearing oral argument on the disposition date, an exchange of affidavits took place between Walsh's counsel and Schering-Plough's counsel. These affidavits, produced in support of, and in opposition to, Walsh's motion to file her brief and appendix out of time, confronted this Court with conflicting assertions as to whether Walsh had failed to file her brief within the prescribed time in reliance on a potential settlement offer received from Schering-Plough. *See* 758 F.2d at 891–894. As stated, the issue of any misrepresentations made in connection with this motion was referred to the merits panel.

On June 11, 1985, the merits panel heard argument with respect to the substance of Walsh's appeal and determined that the district court judge had not abused his discretion in dismissing Walsh's complaint and in refusing to vacate his order of dismissal. Accordingly, the judgment of the district court was affirmed by a judgment order.

This left for disposition the collateral issue of whether counsel's excuse for seeking an extension of time to file Walsh's brief constituted a misrepresentation. Mr. Martin, Walsh's attorney, stated at oral argument that in his opinion, the issue of whether or not any misrepresentation had been made in connection with the motion for extension of time should be referred for fact-finding. Mr. Mariani, Schering-Plough's counsel, was content with the disposition ordered by the motions panel which, of course, did no more than refer the issue to us.

We are convinced that matters such as these should not be allowed to fester and remain unresolved. An issue having been raised as to the accuracy of counsel's sworn statement, we would be remiss in the discharge of our function if we did not provide a means to establish the facts underlying the parties' conflicting affidavits. To do so, it is obvious that a hearing should be had.

We will therefore remand this matter to the district court judge to whom this case had been assigned for trial. On remand, the district court should hold a hearing and make findings of fact in order to establish the truth of the representations made by affidavit and offered to excuse Mr. Martin's failure to meet the November 15, 1984 deadline for filing Walsh's brief in this court.

---

1. This court has standing motions panels as well as merits panels. Motions that are made in connection with the appeals are referred to motions panels, the constituency of which is not necessarily the same as the constituency of merits panel. For instance, the motions panel which referred the instant matter to the merits panel had as its members Judges Weis, Garth and Sloviter. The merits panel which heard the merits of the appeal as well as the motion consisted of Judges Weis, Garth and Stapleton.

The district court judge to whom we refer this matter may develop a record as he deems appropriate, including but not limited to the taking of evidence, in order to determine whether there was any misrepresentation made by counsel. Whatever the result of the proceeding before the district court judge, a report containing his findings is to be filed with the Clerk of this court. We will retain jurisdiction to receive and act upon the district court's report.